IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| RAY DARWOOD HENRY, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No: 06-6125-CV-SJ-FJG |
| | ) | |
| HAROLD KELLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT RUSSELL'S TRIAL BRIEF

Defendant Russell, through counsel, states to the Court as follows:

Facts[1]

From 1995 to the present, Plaintiff Ray Henry has been an inmate incarcerated in the Missouri Department of Corrections, serving a 28-year sentence for robbery and murder. On November 7, 2005, Henry was incarcerated at Crossroads Correctional Center (CRCC) in Cameron, Missouri. CRCC is a level C-5 maximum security facility.

On November 7, 2005, at about 6:30 pm, Henry was returning from dinner with his nephew, Gerald Henry, who was also an inmate at CRCC. While Henry and his nephew Gerald were crossing the prison's yard, Corrections Officer Harold Kelly stopped Gerald to conduct a pat-down search. Officer Kirkwood ordered plaintiff to keep moving. Plaintiff answered him with a curse. Then, after Officer Kirkwood ordered plaintiff to put his hands on a fence, a scuffle ensued. Plaintiff was put on the ground by multiple corrections officers and eventually handcuffed. Everyone involved in the

---

[1] This statement of facts is generated primarily from the Proposed Stipulation of Facts [Doc. 78] and the Court's order granting in part and denying in part Defendants' Motion for Summary Judgment [Doc. 71].

1

scuffle sustained minor injuries. At the time of the fight, there were more than 100 inmates in the area, all of whom were moving back and forth.

After plaintiff was handcuffed, Lt. Russell and other corrections officers took Henry to Housing Unit 1, an administrative segregation unit. As per usual practice, Henry was placed in a shower stall to be strip searched. Lt. Russell sprayed Henry with pepper spray while Henry was in the shower, when, Lt Russell asserts, Henry made an aggressive move towards him. The entire incident, from the time the fight began to when Henry ended up in administrative segregation, lasted about 15 minutes. After being sprayed with pepper spray, Henry took a shower and was shortly thereafter seen by a nurse.

Issues of Law

**1. Liability of Lt. Russell**

The issue before the court in this case is whether Lt. Russell used excessive force when he pepper sprayed plaintiff.

In order to prevail, plaintiff must prove, by a preponderance of the evidence, that:

*First*, the defendant sprayed the plaintiff with pepper spray, and

*Second*, the use of such force was excessive and applied maliciously and sadistically for the very purpose of causing harm; and not in a good faith effort to achieve a legitimate purpose; and

*Third*, as a direct result, the plaintiff was damaged.

Prison officials may use force that is reasonable and necessary under the circumstances in order to achieve a legitimate penal objective. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). It is only the unnecessary and wanton infliction of pain, however, that violates the Eighth Amendment. *Id*. at 319. Thus, when a prisoner alleges prison officials used excessive force, the appropriate test is

"whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). In determining whether prison officials acted maliciously and sadistically for the purpose of causing harm, the fact finder should consider the threat the officials reasonably perceived, the need for force, the relationship between the need for force and the amount of force used, and the injuries inflicted. *Id*. at 871. The determination as to whether the official acted maliciously and sadistically requires looking into the prison official's state of mind. *Hickey v. Reeder*, 12 F.3d 754, 757 (8th Cir. 1993).

Finally, any injuries that Henry received were merely *de minimis*. "'The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not a sort repugnant to the conscience of mankind.'" *Johnson v. Bi-State Justice Center/Arkansas Dept. of Corrections*, 12 F.3d 133, 136 (8th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). Henry's only injuries was that he complained of having difficulty breathing, but he was seen by a nurse within a half hour of being sprayed and noted he was breathing without problem. Furthermore, that complaint could not have lasted long as Henry did not mention it in the Medical Services Request he filed the next day. And considering that the nurse instructed Henry to notify medical immediately if he had continued difficulty breathing, the undisputed fact that Henry did not do so shows he did not have any further trouble.

2. **Qualified Immunity**

Henry's §1983 claims against the defendants also fail as a matter of law because the defendants are protected from suit by the doctrine of qualified immunity. Public officials like the defendants are "shielded from liability for civil damages insofar as their conduct does not violate

clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This is a fact-specific inquiry because "[q]ualified immunity would be meaningless if it could be defeated merely by the recitation of some well-recognized right and a conclusory allegation that the defendant infringed it." *Myers v. Morris*, 810 F.2d 1437, 1459, n.16 (8th Cir. 1987) (abrogated on other grounds). Thus, to withstand the application of qualified immunity, Henry must:

> 1) assert a violation of a constitutional or statutory right;
> 2) that right must have been clearly established at the time of the violation; and,
> 3) given the facts most favorable to the plaintiff, there must be no genuine issues of material fact as to whether a reasonable official would have known that the alleged action indeed violated that right.

*Burnham v. Ianni,* 119 F.3d 668, 673-674 (8th Cir. 1997) (*en banc*). The defendants are protected from suit on qualified immunity grounds because Henry cannot meet this test. *See Jones v. Shields*, 207 F.3d 491 (8th Cir. 2000) (the force used by corrections officer in making an inmate after he refused a direct order was not repugnant to the conscience of mankind as summary applications of force are constitutionally permissible when prison security and order, or the safety of other inmates or officers, has been placed in jeopardy). Lt. Russell's actions are similar to those cited in the case law that were held to be reasonable applications of force to restore and maintain order and, therefore, he is entitle to qualified immunity.

**3. Other Trial Issues**

Plaintiff has designated eight level-five offenders to testify on his behalf. None of these individuals witnessed the pepper-spray event. Instead, they are all witnesses to the fight outside the dinning hall that precipitated plaintiff being pepper sprayed. Each of these men has multiple felony

4

convictions as well as major conduct violations while incarcerated, ranging from assault to dangerous contraband to inciting a riot. These witnesses should not be permitted to offer live testimony at the courthouse.

Defendant Russell will be bringing an empty can of pepper spray to be used as a demonstrative exhibit. Counsel will be working with the US Marshalls to facilitate bringing this exhibit into the courthouse.

Plaintiff is currently incarcerated for four counts of Robbery – 1st Degree, three counts of Armed Criminal Action, and one count of murder. The Court should be aware of the security issues involved with this plaintiff.

WHEREFORE, defendant Russell, through counsel, submits his trial brief, as set forth above.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General

*Kathleen R. Robertson*
KATHLEEN R. ROBERTSON
Assistant Attorney General
Mo. Bar No. 57390

P.O. Box 899
Jefferson City, MO 65102
Phone No. (573) 751-3321
Fax No. (573) 751-9456

ATTORNEYS FOR DEFENDANTS
RUSSELL

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Further, I mailed a copy of the foregoing to the following non-ECF participant:

Ray Darwood Henry
Register No. 519884
Eastern Reception, Diagnostic & Correctional Center
2727 Highway K
Bonne Terre, MO 63628

/s/ Kathleen R. Robertson
Assistant Attorney General