# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| RAY DARWOOD HENRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06-6125-CV-SJ-FJG |
| | ) |
| JAMES RUSSELL, | ) |
| Defendant. | ) |

# ORDER

Currently pending before the Court is defendant Russell's Motion for Leave to File Answer Out of Time (Doc. # 100) and defendant Russell's Motion in Limine (Doc. # 92).

## I. Motion for Leave to File Answer Out of Time

Plaintiff's Complaint was filed on October 27, 2006. Defendants moved to dismiss plaintiff's Complaint on March 26, 2007. Defendants motion was granted in part and denied in part. Due to an oversight, defendant Russell's Answer to the Complaint was never filed. Defendant Russell therefore seeks leave to file his Answer out of time.

In Higgins v. Dankiw, No. 8:08CV15, 2008 WL 2565110, (D.Neb. June 24, 2008), the Court stated: "'[t]raditionally, in deciding issues of this kind, our court and others have looked at whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.'" Id. at *2 (citing Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781,783 (8th Cir.1998)). The Court in Higgins stated

that "[w]hen evaluating a defendant's conduct, a distinction must be made between a 'marginal failure to comply with the time requirements' for filing a response to a complaint, and 'willful violations of court rules, contumacious conduct, or intentional delays.'" Id. at *3 (citing American States Ins. Corp. v. Technical Surfacing, Inc., 178 F.R.D. 518, 521 (D.Minn.1998)). In the instant case, the Court does not find that defendant Russell's conduct in failing to answer the Complaint was either willful or intentional, but was rather an oversight on counsel's part. Accordingly, the Court hereby **GRANTS** defendant Russell's Motion for Leave to File Answer Out of Time (Doc. # 100). Defendant Russell shall file his Answer to Plaintiff's Complaint within Five (5) days of the Date of this Order.

## II. MOTIONS IN LIMINE

Defendant Russell in his Motion in Limine seeks to exclude 1) testimony and/or evidence of other civil rights lawsuits or grievances filed against Russell or other employees of the Missouri Department of Corrections; 2) Testimony and/or evidence concerning any disciplinary action taken against defendant Russell or any of his witnesses for conduct unrelated to the events at issue; 3) other incidents wherein Russell or any of his witnesses are alleged to have used excessive force against other inmates. Defendant states that this evidence would be inadmissible under F.R.E. 403 because its probative value is outweighed by its prejudicial effect and it would also be inadmissible under F.R.E. 404(b), as evidence of other wrongs to prove the character of a person in order to show action in conformity with.

Defendant Russell however does not provide any details regarding whether there

2

are any other lawsuits, grievances or other incidents involving excessive force. Without such specific information, the Court in unable to make a ruling on such broad categories of evidence. As the Court stated in United States v. Thomas, No. 08-3946, 2010 WL 323211,*4 (8th Cir. Jan. 29, 2010):

> While outlawing admission of evidence of other crimes that is proffered "to prove the character of a person in order to show action in conformity therewith," Federal Rule of Evidence 404(b) allows such evidence "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." It is well-settled in this circuit that the rule is one of inclusion, "such that evidence offered for permissible purposes is presumed admissible absent a contrary determination." United States v. Johnson, 439 F.3d 947, 952 (8th Cir. 2006).

Thus, without knowing what specific evidence is being referred to and without knowing the purpose for which it is being offered, the Court is without the necessary information to make an informed ruling. Therefore, the defendant's Motion in Limine on the prior bad acts evidence is **PROVISIONALLY DENIED.**

Defendant Russell also seeks to exclude evidence of any offers of settlement or offers of judgment. F.R.E. 408 governs compromises and offers to compromise. Pursuant to F.R.E. 408, no such evidence will be allowed. Accordingly, defendant Russell's Motion in Limine on this issue is hereby **GRANTED.**

Defendant Russell has moved to exclude evidence or testimony concerning any claimed medical, emotional, mental health distress, upset, condition or other injury experienced by plaintiff because he did not designate an expert. However, simply because plaintiff does not have a medical expert, does not mean that he cannot present evidence of his injuries. In Rahoi v. Sirin, No. 06-C-691-C, 2007 WL 5516377,

(W.D.Wis. Mar. 20, 2007), the Court stated:

> plaintiff has personal knowledge of the treatment he received (and did not receive) and he should be able to obtain access to his own medical records to corroborate this information. His medical records should show how long he was deprived of treatment and what injury resulted, if any. If plaintiff's injury was such that his symptoms are not beyond a layperson's grasp, he will not need an expert witness.

Id. at *2 (internal citations omitted).

Similarly, in Riley v. Barksdale, No. 03C5868, 2005 WL 1865986 (N.D.Ill. June 13, 2005), the Court stated, "Plaintiff clearly had personal knowledge about the extent of her injury and can testify as to the extent of the injury she suffered at the hands of Harris." Id. at *2. In Miller v. Corrections Corporation of America, 375 F.Supp.2d 889 (D.Alaska 2005), an inmate brought an action against the contractor which operated the correctional facility for failing to provide him with necessary medical care after he suffered a broken jaw during a tooth extraction. The Court found that plaintiff was "competent to testify about the effects of his injury, i.e., the speech impediment, pain, and paresthesia, because such facts are based on his personal knowledge. Plaintiff is not competent to testify about the cause of his injury or whether his injury is permanent." Id. at 894-895. Accordingly, defendants Motion in limine relating to plaintiff's medical, emotional, or mental health distress is hereby **DENIED**.

Defendant also seeks to exclude any testimony or evidence concerning plaintiff's claims that have either been dismissed or on which summary judgment was granted. Specifically defendant Russell seeks to exclude: 1) Evidence of the § 1983 claim against officers Kirkwood, Kelley alleging that they used excessive force against him; 2) Evidence that defendant Russell used excessive force against plaintiff during the

4

altercation in the prison yard just prior to the pepper spray incident; 3) Evidence of plaintiff's civil conspiracy claim or retaliation claim and 4) Testimony or evidence relating to the criminal charges brought against plaintiff for assaulting prison officers based on the altercation in the prison yard on November 7, 2005 or the dismissal of those charges. Because these claims have either been dismissed or summary judgment was granted on these claims, the issues are no longer in the case. Accordingly, the Court hereby **GRANTS** defendant Russell's Motion in Limine on these issues.

Defendant Russell has also requested that the Court not allow plaintiff to request any documents or other items during trial. Defendant states that discovery closed on September 28, 2007 and if plaintiff were allowed to discover documents or other things during trial it may appear to the jury that the defendant was intentionally withholding information. The Court will **CONDITIONALLY DENY** defendant's Motion as it is unclear whether there are documents which defendants have failed to provide to plaintiff. If plaintiff believes that there are documents which should have been disclosed to him earlier, he should raise this issue with the Court outside the presence of the jury.

Defendant Russell also requests that anything which was spoken by inmates other than the plaintiff on the video of plaintiff's shower and nurse assessment on November 7, 2005 be excluded. The Court agrees and hereby **GRANTS** defendant's Motion in Limine on this issue.

### III. CLOTHING FOR TRIAL

Plaintiff is also advised that if he wishes to wear civilian clothing during the trial, he will need to make arrangements to have that clothing delivered to the Courthouse in advance of trial or arrange to bring the clothing with him.

## IV.  CONCLUSION

Defendant Russell's Motion for Leave to File Answer Out of Time is hereby **GRANTED** (Doc. # 100) and defendant Russell's Motion in Limine is hereby **GRANTED in PART** and **DENIED in PART** (Doc. # 92).

Date: February 5, 2010　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge