**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION**

| | |
|---|---|
| **RAY DARWOOD HENRY,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 5:06-cv-06125-FJG |
| **HAROLD KELLY, et al.,** | ) |
| **Defendants.** | ) |

## PLAINTIFF'S MOTION *IN LIMINE*

Plaintiff Ray Darwood Henry ("Henry"), before the selection of a jury and commencement of trial, and pursuant to applicable Federal Rules of Evidence, respectfully moves *in limine* for an Order preventing Defendant James Russell ("Defendant"), his witnesses, or his attorneys on behalf of Defendant, from offering, or eliciting on direct or cross-examination, any irrelevant and prejudicial evidence about: (1) Henry's criminal history, length of sentence or duration in prison; (2) Henry's prison disciplinary infractions; (3) Henry at any time being incarcerated in a "maximum security" facility, and/or being referred to as a "felon" or "convict;" and (4) unrelated medical conditions or statements contained in Henry's medical records not related to the day of the pepper spray incident or any related treatment.[1]

## PRELIMINARY STATEMENT

In this 42 U.S.C. § 1983 civil rights action, Henry alleges that Defendant pepper sprayed him without justification and in violation of his constitutional rights. At trial, Henry anticipates that Defendant may attempt to offer irrelevant and highly prejudicial evidence regarding the

---
[1] Depositions in this case are not yet complete and Henry's counsel additional just received a significant amount of documents produced by Defendant. Therefore, Henry will likely need to file one or more other motions *in limine* after having the chance to complete depositions and review all documents produced in this case.

items referenced above, specifically including Henry's criminal history and prison disciplinary offenses.

As set forth more fully below, Henry's criminal history and disciplinary infractions are not only irrelevant to the issues but extraordinarily prejudicial. Because both the Federal Rules of Evidence and applicable authority make clear that such evidence is inadmissible, all such evidence must be excluded.[2]

**ARGUMENT**

**I.     PURSUANT TO FED. R. EVID. 609 AND 403, ALL EVIDENCE REGARDING HENRY'S CRIMINAL HISTORY MUST BE EXCLUDED**

Henry was convicted in and around 1996 of Murder in the Second Degree.[3] Henry acknowledges that at trial he will be referred to as an inmate; however, his prior criminal record, conviction and length of sentence in no way relates to his claims against Defendant for pepper spraying him. Thus, the specific reason he is an inmate is irrelevant and the introduction of such evidence will severely prejudice Henry and therefore is inadmissible.

Under Fed. R. Evid. 609(a), evidence of a witness's criminal conviction is typically inadmissible, with two limited exceptions. These are: (1) felonies, *but only if the relevance of the crime is not substantially outweighed by its prejudicial effect*, and (2) crimes of dishonesty and false statement. Under Rule 609(a)(1), evidence of a felony conviction is admissible subject to the Fed. R. Evid. 403 probative/prejudicial balancing test, *i.e.*, whether the unfair prejudice of

---

[2] Henry's counsel submits that Henry was an inmate at the Crossroads Correctional Center ("Crossroads") when his claims in this case occurred. He was subsequently transferred to another correctional facility. The fact of his incarceration is part of this case, but his prior criminal history or offenses in prison are unrelated to his claims against Defendant.

[3] It is unclear from undersigned counsel's review of Henry's criminal history if he was also convicted of one or more offenses in or about 1996.

2

allowing the conviction in substantially outweighs its probative value. *See, e.g., United States v. Ford*, 17 F.3d 1100, 1103 (8th Cir. 1994) (evidence concerning prior felony could have distracted jury from its task without adding probative information). When amending this rule in 1990, the notes specifically explained it "reflects a judgment that decisions interpreting Rule 609(a) as requiring a trial court to admit convictions in civil cases that have little, if anything, to do with credibility reach undesirable results." *See* 1990 Amendments Notes. Furthermore, the 1990 Amendment makes clear that while the rule does not "forbid all use of convictions to impeach a defendant, it requires that the government show that the probative value of convictions as impeachment evidence outweighs their prejudicial effect." *Id.*

Henry's murder conviction and possible convictions for robbery and armed criminal action are not admissible to impeach his testimony under Rule 609(a)(1) because his claims in this case and his convictions do not relate to credibility. Therefore, the probative value of admitting this type of evidence does not outweigh its prejudicial effect. His convictions, many years ago, do not pertain to Defendant pepper spraying him. On the other hand, admission of such evidence will undeniably prejudice the jury against him and his claims. Fed. R. Evid. 403.

Applying the Fed. R. Evid. balancing test, any marginal relevance of this evidence, if any, is substantially outweighed by the unfair prejudice of suggesting to the jury that Henry, because of his felony conviction, is a criminal that does not deserve consideration of his claim. *United States v. Raplinger*, 555 F.3d 687, 690-91 (8th Cir. 1999) (holding that probative value of the evidence of defendant's convictions was outweighed by danger of unfair prejudice). Thus, Henry's criminal history, including his length of sentence and how long he has been in prison, should be entirely excluded from evidence. *See* Fed. R. Evid. 402, 403 and 609.

3

Similarly, a conviction of murder or robbery does not involve "an act of dishonesty and false statement." Therefore, his convictions or prior charges against him are not admissible under Fed. R. Evid. 609(a)(2).

## II. PURSUANT TO FED. R. EVID. 402, 403 AND 404(B), EVIDENCE CONCERNING PLAINTIFF'S PRISON DISCIPLINARY RECORDS AND CONDUCT VIOLATIONS IS NOT ADMISSIBLE

While in prison over the past 17 years, Henry is believed to have been charged on occasion with violating institutional rules, policies or procedures. Defendant will presumably try to use the evidence of Henry's previous offenses in prison (both before and after the incident at issue) for the impermissible purpose of demonstrating his propensity to allegedly cause disturbances and/or for his lack of character. There is no question that Henry's conduct subsequent to the events at issue is irrelevant in this matter as his subsequent behavior, whether it may be, in no way directed Defendant's actions in this case. Additionally, none of Henry's prior offenses concern the incidents at issue in this case. Thus, his prior prison misconduct is not admissible in this case.

### A. Pursuant to Fed. R. Evid. 404(b), Henry's Disciplinary Infractions Must Be Excluded.

"Evidence of other crimes, wrongs, or acts [is not admissible] to prove the character of a person to act in conformity therewith." Fed. R. Evid. 404(b).[4] Because Henry asserts a claim of excessive force against Defendant acting in his capacity as correctional officers, allowing Defendant to introduce prior incidences of Henry's disciplinary infractions that are unrelated to the events at issue would be prejudicial to this case. Proffers of this type of evidence is a thinly-veiled attempt to do what Rule 404(b) expressly prohibits – introducing evidence of bad acts to

---

[4] Further, arrests that do not result in convictions are not admissible as specific instances of conduct under Fed. R. Evid. 608(b).

4

show a person's propensity to commit such acts and thereby impermissibly prejudices a party. *Lewis v. Sheriffs Dept. for City of St. Louis*, 817 F.2d 465, 467 (8th Cir. 1987) (in § 1983 excessive force action, it was error to admit evidence of earlier fight between prisoner and deputy sheriff).

Also, Henry's disciplinary offenses are not admissible to show his "intent" or "motive" under Rule 404(b). The claims in this case are based on Defendant's use of force against Henry. Henry's state of mind, "intent" or "motive" are not at issue.

### B. Evidence Relating to Henry's Disciplinary Infractions Is Irrelevant and Therefore Inadmissible Under Fed. R. Evid. 402.

Also, unless evidence "tend(s) to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," it is inadmissible. Fed. R. Evid. 401 and Rule 402. Henry's prior disciplinary offenses plainly have no bearing on his claims here: whether Defendants used excessive force in violation of his constitutional rights during the incidents in question. Thus, his prison disciplinary infractions are irrelevant under Fed. R. Evid. 402.

### C. In any Event, Rule 403 Bars the Admission of Henry's Disciplinary Infractions.

Even if Defendant could demonstrate that his prior offenses are relevant to impeach his testimony under Fed. R. Evid. 404(b), such evidence must be excluded because "its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.

Prison infractions do not carry any of the safeguards of reliability that apply to criminal convictions in a court. Unlike criminal proceedings, prison violations result from hearings that lack basic protections afforded by due process. Disciplinary hearings are conducted by prison employees, not neutral arbiters and such proceedings lack due process protections. *Cleavinger v. Saxner*, 474 U.S. 193, 203-04 (1985) (to say that prison hearing officers are "independent" is "to

5

ignore reality"; hearing officers "are under obvious pressure to resolve a disciplinary dispute in favor of the institution and their fellow employee.").

Defendant may try to present Henry's prior offenses to the jury as evidence of his prior bad behavior or to impeach his testimony. If this occurs, the jury will in all likelihood unfairly accord these offenses significant weight against Henry's claims. In light of the lack of due process and the unreliability of these hearings, Defendant should not be permitted to wield his prison offenses against Henry. This evidence prejudices Henry's right to a fair trial and is inadmissible under Fed. R. Evid. 403.

### III. ALL EVIDENCE REGARDING THE CROSSROADS FACILITY BEING REFERRED TO AS A "MAXIMUM SECURITY" FACILITY, AND FOR HENRY BEING REFERRED TO AS A "FELON" OR "CONVICT" SHOULD BE EXCLUDED

Defendant should not be allowed to present to the jury that Crossroads is a maximum security correctional facility. Such a reference would only serve to "taint" Henry and would be unnecessarily prejudicial. The same is true should Defendant be allowed to refer to Henry as a "felon," "convict," or similar language. These kinds of generalizations or remarks are unnecessary and unduly prejudicial and refer to the facility as a "correctional facility." Henry will agree to be called an "inmate." Defendant should thus be prohibited from presenting to the jury any additional terms as these terms will give rise to the improper generalizations or implications.

### IV. ALL MEDICAL RECORDS NOT ASSOCIATED WITH HIS TREATMENT FROM THE PEPPER SPRAY SHOULD BE EXCLUDED

While it is unknown whether Defendant may attempt to use unrelated medical records at trial, such records, including any statements contained therein or diagnosis should be excluded. Henry's counsel is not presently aware of any specific medical record for which it refers the Court to, but simply intends to safeguard Henry's privacy rights in this case. The only medical

6

records relevant in this case stem from the day the pepper spray incident occurred, all related treatment and subsequent concerns and any other record Henry's counsel seeks to introduce.

## CONCLUSION

For the reasons discussed above, Henry respectfully requests that the Court exclude evidence of (1) his criminal history, including his length of sentence and amount of time served in prison, etc.; (2) his prison disciplinary offenses; (3) Henry being incarcerated in a "maximum security" facility, and/or being referred to as a "felon" or "convict;" and (4) unrelated medical conditions or statements contained in Henry's medical records not related to the day of the pepper spray incident or any related treatment.

Respectfully submitted,

POLSINELLI SHUGHART PC

By: /s/ Adam T. Suroff
    ADAM T. SUROFF (#51355)
    DANIEL R. ZMIJEWSKI (#54675)
    Twelve Wyandotte Plaza
    120 W. 12th Street
    Kansas City, MO 64105
    (816) 421-3355
    Fax No.: (816) 374-0509
    asuroff@polsinelli.com
    dzmijewski@polsinelli.com

ATTORNEYS FOR PLAINTIFF
RAY DARWOOD HENRY

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 5, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

  Erica K. Bredehoft, Esq.
  Cheryl Ann Schuetze, Esq.
  Missouri Attorney General's Office-JC
  P.O. Box 899
  Jefferson City, MO 65102
  erica.bredehoft@courts.mo.gov
  cheryl.schuetze@ago.mo.gov
  ATTORNEYS FOR DEFENDANT
  JAMES RUSSELL



  /s/ Adam T. Suroff