# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

RAY DARWOOD HENRY,           )
                             )
        Plaintiff,      )
                             )
v.                           ) No. 06-6125-CV-SJ-FJG
                             )
JAMES RUSSELL,               )
        Defendant.      )

# ORDER

Currently pending before the Court is plaintiff's Motion in Limine (Doc. #150) and plaintiff's Motion to Clarify His Complaint (Doc. # 155).

## I. Evidence Regarding Henry's Criminal History

Henry seeks to exclude his prior criminal history, his conviction and the length of his sentence because he asserts that the reason he is an inmate is irrelevant and introduction of such evidence would prejudice him. Plaintiff states that under Fed.R.Civ. P. 609(a) evidence of a witness's criminal conviction is inadmissible except in two instances: (1) felonies, but only if the relevance of the crime is not substantially outweighed by its prejudicial effect and (2) crimes of dishonesty and false statement.

Defendant argues that under F.R.E. 609(a)(1), evidence of a witness's criminal conviction within the last ten years is admissible in civil cases to impeach the credibility of that witness, regardless of the prejudicial effect.

Plaintiff argues that his prior convictions should not be admissible because they do not relate to his credibility and will only serve to inflame the jury. Plaintiff argues that a murder conviction does not involve dishonesty or false statement. Plaintiff argues that

announcing to the jury that he is a convicted murderer would serve to alienate the jury and generate unfair prejudice.

Fed.R.Evid. 609(a) states:

For the purpose of attacking the character for truthfulness of a witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted . . .(2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

In the instant case, the crimes which the defendant seeks to admit do not relate to relate to any act of dishonesty or false statement. Thus, plaintiff's convictions are subject to the Fed.R.Evid. 403 balancing test. The Court finds that allowing into evidence the fact that plaintiff was convicted of second degree murder would be unduly prejudicial. Therefore, the Court hereby **GRANTS** plaintiff's Motion in Limine regarding plaintiff's criminal history. Defendant shall not introduce into evidence or mention plaintiff's criminal history, the crime he was convicted of, the length of his sentence or how long he has been in prison.

## II. Evidence Regarding Prison Disciplinary Records and Conduct Violations

Plaintiff argues that it would be highly prejudicial to allow defendant to introduce evidence of plaintiff's prior disciplinary infractions that are unrelated to this case. Plaintiff argues that unlike criminal proceedings, prison disciplinary hearings are conducted by prison employees and lack any due process protections.

Defendant Russell agrees that disciplinary issues unrelated to the events at issue

in this case are inadmissible.  However, defendant argues that the plaintiff's conduct violations and disciplinary reports relating to plaintiff's conduct at issue in this suit are relevant and admissible.

Defendant has not indicated whether he will seek to introduce any conduct violations or disciplinary reports related to this case.  Without more specific information, the Court is unable to make a definitive ruling on this motion.  Therefore, the Court will **PROVISIONALLY GRANT** plaintiff's Motion in Limine regarding Disciplinary Reports or Conduct Violations.  If defendant wishes to introduce these types of reports during trial, he should raise the issue with the Court outside the presence of the jury.

### III. Evidence Regarding Crossroads Facility Being Referred To As a "Maximum Security" Facility and Referring to Plaintiff as a "Felon" or "Convict."

Plaintiff argues that these generalizations or remarks are unnecessary and unduly prejudicial and that Crossroads should instead be referred to as a "correctional facility" and that plaintiff should be referred to as an "inmate."

Defendant argues that the fact that Crossroads Correctional Facility is a maximum security institution is relevant to the reasonableness of the force used by defendant in this case.  Defendant argues that actions that might not be reasonable in a minimum security prison would be reasonable in a maximum security prison because of the difference between the safety and security situations.  Defendant argues that because plaintiff's conviction is admissible, he can be referred to as a felon.

Plaintiff argues that the fact that Crossroads is a maximum security facility is of little probative value given plaintiff's claims and the use of the term "maximum security" would be unduly prejudicial.  The jury will know that Henry is incarcerated, therefore the

3

only reason to use the word "felon" would be to inflame the jury.

The Court agrees and finds that it would be unduly prejudicial and there is no reason to refer to the Crossroads Correctional Facility as a "maximum security" institution. Additionally, because the Court has ruled that plaintiff's conviction is not admissible, defendant shall not refer to plaintiff as a felon. The parties shall refer to plaintiff as an inmate at a correctional facility. Accordingly, plaintiff's Motion in Limine on this issue is hereby **GRANTED**.

### IV. Medical Records Not Associated With Plaintiff's Treatment From the Pepper Spray Should Be Excluded

Plaintiff argues that it is unknown whether defendant may attempt to introduce or use unrelated medical records at trial. However, plaintiff states that the only medical records which are relevant are those related to the pepper spray incident.

Defendant agrees not to use any of plaintiff's medical records that do not relate to the events in question unless plaintiff opens the door.

Accordingly, plaintiff's Motion in Limine on this issue is hereby **GRANTED**.

### V. Plaintiff's Motion to Clarify His Complaint

Plaintiff has also moved to amend his Complaint to clarify that he is seeking an award of punitive damages in addition to actual damages. When he filed his initial Complaint, he used a pre-printed form provided by the Clerk's office. The form asked plaintiff to only fill in the blank for amount of damages sought. Plaintiff wrote in on the form: "$100,000/dollars (actual/punitive). Henry is requesting leave to clarify that he is seeking recovery for *both* types of damages. Defendant did not respond to plaintiff's Motion to Clarify. The Court finds that plaintiff's original Complaint states that he is

seeking redress for intentional physical abuse by a corrections officer. If plaintiff is able to prove these allegations, this would show that the officer acted with reckless or careless disregard of plaintiff's rights or safety. Therefore, the Complaint put the defendant on sufficient notice that plaintiff was seeking punitive damages. Thus, the Court finds there is no need for plaintiff to file a separate amendment specifically stating that he is seeking both types of damages, as it is evident from the face of plaintiff's Complaint. Accordingly, the Court **GRANTS** plaintiff's Motion to Clarify (Doc. # 155).


Date: 09/23/10  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge